J-S46008-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MARK CLARK | : | |
| | : | |
| Appellant | : | No. 958 EDA 2020 |

Appeal from the PCRA Order Entered March 3, 2020
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0003082-2017,
CP-15-CR-0003083-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MARK CLARK | : | |
| | : | |
| Appellant | : | No. 959 EDA 2020 |

Appeal from the PCRA Order Entered March 3, 2020
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0003082-2017,
CP-15-CR-0003083-2017

BEFORE:  BENDER, P.J.E., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY BENDER, P.J.E.:          **FILED DECEMBER 23, 2020**

Appellant, Mark Clark, appeals *pro se* from the post-conviction court's March 3, 2020 order denying his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  After careful review, we affirm.

On September 6, 2018, Appellant entered a negotiated guilty plea, in two separate cases, to fleeing or attempting to elude a police officer, receiving stolen property, and theft by unlawful taking. At the plea proceeding, the Commonwealth summarized the facts underlying those convictions, as follows:

> On August 25th, 2017, … in Tredyffrin Township, Chester County, … [Appellant] was driving a vehicle which was stolen out of Philadelphia. At the time, a Tredyffrin Township police officer attempted to pull … [Appellant] over because of that stolen vehicle, and … [Appellant] fled from that police officer who had lights and sirens activated. They engaged. It was about a two[-]minute vehicle pursuit, at which point … [Appellant] then pulled the vehicle over to the side of the road, jumped out of that vehicle[,] and fled into a neighborhood in the vicinity of 1200 Wembley Drive. He then spent several hours in the neighborhood in Tredyffrin Township … where he had abandoned the car and fled. Those are [the] facts that form the basis of 3083 of 2017. He was in possession of the vehicle knowing it had been stolen, and he fled from the police when they attempted to pull him over. He then remained, [and] the police searched for him in that neighborhood. He was able to elude their detection for several hours. And several hours later, in the early morning hours of August 26[], 2017, he stole a vehicle that was parked in the driveway of 1200 Wembley Drive, and used that vehicle to return to his home in Philadelphia. Those are the facts in support of the theft by unlawful taking count in 3082 of 2017.

N.T. Guilty Plea/Sentencing, 9/6/18, at 2-3.

In accordance with his guilty plea agreement, Appellant was sentenced to an aggregate term of 2½ to 6 years' incarceration, followed by 4 years' probation. He did not file a direct appeal. Instead, on June 21, 2019, Appellant filed a timely PCRA petition. Counsel was appointed, but rather than

filing an amended petition on Appellant's behalf, counsel filed a motion to withdraw and a no-merit letter pursuant to **Turner/Finley**.[1] On December 12, 2019, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition without a hearing. Appellant filed a *pro se* response, but on March 3, 2020, the court filed an order dismissing his petition and granting counsel's motion to withdraw.

Appellant filed two timely, *pro se* notices of appeal.[2] The record does not indicate that the court directed him to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. On April 14, 2020, the court filed a statement indicating that it was relying on the rationale set forth in its Rule 907 notice to supports its denial of Appellant's petition.

---

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). We note that for some reason, counsel's no-merit letter does not appear to have been included in the certified record. However, counsel's petition to withdraw states that the letter was sent to Appellant, and he does not claim to have not received it on appeal.

[2] Because Appellant included both trial court docket numbers on each notice of appeal, this Court issued rules to show cause why his appeals should not be quashed pursuant to **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018). We thereafter filed orders referring the quashal issue to the merits panel. In light of our *en banc* decision in **Commonwealth v. Johnson**, 236 A.3d 1141 (Pa. Super. 2020) (*en banc*), we decline to quash Appellant's appeals. In **Johnson**, we "observe[d] that [Pa.R.A.P.] 341 and **Walker** make no mention of case numbers on a notice of appeal." **Id.** at 1148. Specifically, the *en banc* panel opined that where an appellant files a separate notice of appeal at each trial court docket, "[t]he fact that the notices [of appeal] contained [more than one trial court docket number] is of no consequence." **Id.** Because Appellant filed separate notices of appeal at each docket, he has complied with **Walker**.

Herein, Appellant states 14 issues for our review in his Statement of the Questions Presented. **See** Appellant's Brief at 5-9. However, the Argument section of his brief does not align with his Statement of the Questions, and Appellant fails to include, "at the head of each part--in distinctive type or in type distinctively displayed--the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent." Pa.R.A.P. 2119(a). Moreover, Appellant does not meaningfully develop all of the fourteen issues set forth in his Statement of the Questions Presented. **See Commonwealth v. Gould**, 912 A.2d 869, 873 (Pa. Super. 2006) ("The [C]ourt will not become the counsel for an appellant, and will not, therefore, consider issues ... which are not fully developed in his brief.") (internal quotation marks and citation omitted). Instead, in his handwritten, often illegible, and extremely confusing brief, Appellant intermixes arguments regarding various issues. He also refers to certain issues in boilerplate fashion at one point, and then provides further elaboration on those claims in completely different parts of his brief. It also appears that Appellant is now presenting claims that he did not assert before the PCRA court, thus waiving them for our review. **See** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

In sum, the state of Appellant's brief impedes this Court's meaningful review of his claims. Nevertheless, we have assessed his arguments to the best of our ability, and have also examined the Commonwealth's brief, the certified record, and the applicable law. In addition, we have reviewed the

PCRA court's rationale for dismissing Appellant's petition, set forth in its Rule 907 Notice. *See* PCRA Court's Order/Notice (PCO), 12/12/19, at 1-6 n.1. The court's analysis is supported by the record, and we discern no reversible legal error in its rejection of Appellant's petition.[3] *See Commonwealth v. Matias*,

---

[3] We mention, however, that a mistake appears in the court's analysis of Appellant's claims that there was "[i]nsufficient probable cause to support his arrest," and that his counsel was ineffective for not moving to "quash the indictments for the charge(s) of receiving stolen property, fleeing [or eluding] police…, [and] theft by unlawful taking[,]" because "the Commonwealth failed to establish a *prima facie* case or the element to support the arrest or conviction for [those] charges…." PCO at 4 n.1 (quoting Appellant's PCRA Petition, 6/21/19, at 5 (unnumbered)). The PCRA court seems to conflate Appellant's two issues. For instance, the court states that he has "waived his right to challenge the ***probable cause*** to arrest" because he waived his right to a preliminary hearing and acknowledged, on the waiver form, that he would "thereafter [be] precluded from raising challenges to the sufficiency of the ***prima facie*** case." *Id.* at 4-5 n.1 (emphasis added). Appellant did not waive his right to challenge the probable cause supporting his arrest by waiving his preliminary hearing; however, he did waive that claim by pleading guilty. ***See Commonwealth v. Eisenberg***, 98 A.3d 1268, 1275 (Pa. 2014) ("[U]pon entry of a guilty plea, a defendant waives all claims and defenses other than those sounding in the jurisdiction of the court, the validity of the plea, and what has been termed the 'legality' of the sentence imposed…."). Moreover, Appellant offered no explanation, in his PCRA petition, of why probable cause to arrest him was lacking, thereby waiving his claim on that basis as well. Finally, Appellant waived his right to challenge the Commonwealth's *prima facie* case when he signed the form waiving his preliminary hearing. ***See*** Pa.R.Crim.P. 541 (stating that a defendant who waives his preliminary hearing is "thereafter … precluded from raising the sufficiency of the Commonwealth's *prima facie* case unless the parties have agreed at the time of the waiver that the defendant later may challenge the sufficiency"). Accordingly, we affirm the court's dismissal of these claims on this alternative basis. ***See Commonwealth v. Hutchins***, 760 A.2d 50, 54 (Pa. Super. 2000) (stating that "this Court may affirm the decision of the PCRA [c]ourt if it is correct on any basis") (citations omitted).

63 A.3d 807, 810 (Pa. Super. 2013) ("In reviewing the propriety of an order granting or denying PCRA relief, an appellate court is limited to ascertaining whether the record supports the determination of the PCRA court and whether the ruling is free of legal error.") (citation omitted). Accordingly, we affirm the order dismissing Appellant's petition without a hearing, for the reasons set forth by the PCRA court in its Rule 907 notice.[4]

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

Date: <u>12/23/2020</u>

---

[4] To the extent Appellant raises challenges to the effectiveness of his PCRA counsel, we deem those claims waived. In his response to the court's Rule 907 notice, Appellant stated only that he "herein amends [the] issue of PCRA counsel's ineffectiveness[,] as PCRA counsel was appointed on July 9[], 2019, and PCRA counsel filed a motion to withdraw as counsel on September 11, 2019, just two months upon being appointed…." **See** Rule 907 Response, 1/7/20, at 4. The certified record contains no other filings by Appellant elaborating on his challenge to his PCRA counsel's representation. Thus, we conclude that his boilerplate allegation of ineffectiveness of his PCRA counsel waives that claim for our review. **See** Pa.R.A.P. 302(a); **Commonwealth v. Henkel**, 90 A.3d 16, 30 (Pa. Super. 2014) (*en banc*) (finding waived the appellant's claims of PCRA counsel's ineffectiveness, which were raised for the first time in his Rule 1925(b) statement filed after his notice of appeal).

COMMONWEALTH OF PENNSYLVANIA  :IN THE COURT OF COMMON PLEAS

:CHESTER COUNTY, PENNSYLVANIA

vs

:CRIMINAL ACTION

MARK ANTHONY CLARK
DEFENDANT  :NOS. 3082-17; 3083-17

Nicholas J. Casenta, Jr., Esquire, attorney for the Commonwealth.
C. Curtis Norcini, Esquire, attorney for Defendant.
Mark Anthony Clark, Defendant.

## ORDER / NOTICE

AND NOW, this ___ day of December, 2019, upon consideration of Defendant's Motion for Post Conviction Collateral Relief, filed June 21, 2019, defense counsel's Motion to Withdraw as Counsel and Finley letter, filed September 11, 2019, and after a thorough, independent review of the pleadings, transcript, Guilty Plea Colloquy Form and record, it is hereby ORDERED and DECREED as follows:

1. This court finds that there are no genuine issues concerning any material fact, the claims asserted by Defendant for Post-Conviction Collateral Relief do not have any merit and no purpose would be served by further proceedings. Defendant is not entitled to post-conviction collateral relief and as the PCRA Motion is without merit it must be dismissed.[1]

---

[1]  The procedural history of this case is as follows: The Information on case number 3082-17 charged Defendant with theft by unlawful taking, in violation of 18 Pa.C.S.A. § 3921(a); receiving stolen property, in violation of 18 Pa.C.S.A. § 3925(a); and loitering and prowling at night, in violation of 18 Pa.C.S.A. § 5506. The Information on case number 3083-17 charged Defendant with fleeing or attempting to elude police officer, in violation of 75 Pa.C.S.A. § 3733(a); receiving stolen property, in violation of 18 Pa.C.S.A. § 3925(a); two counts of recklessly endangering another person, in violation of 18 Pa.C.S.A. § 2705; two counts of traffic control signals, in violation of 75 Pa.C.S.A. § 3112(a)(3)(i); driving vehicle at safe speed, in violation of 75 Pa.C.S.A. § 3361; careless driving, in violation of 75 Pa.C.S.A. § 3714(a); driving without lights to avoid identification or arrest, in violation of 75 Pa.C.S.A. § 3734; reckless driving in violation of 75 Pa.C.S.A. § 3736(a); and drivers required to be licensed, in violation of 75 Pa.C.S.A. § 1501(a).
On March 28, 2018, Defendant filed a Motion to Suppress Evidence. On May 16, 2018, an Order was entered granting Defendant's motion and suppressing his statement, so that it could not be used in the Commonwealth's case-in-chief. On September 6, 2018, Defendant entered a negotiated plea agreement that contained an agreed upon sentence, which the court approved. He received the sentence he negotiated in return for the guilty plea to just three counts and the Commonwealth withdrew the remaining eleven counts.
Defendant did not file a post-sentence motion or an appeal. On June 21, 2019, Defendant filed a

timely PCRA Motion. Being that this was Defendant's first PCRA Motion, the court appointed counsel for Defendant on July 9, 2019. On September 11, 2019, defense counsel filed a Motion to Withdraw as Counsel and a no-merit Finley letter.

Defendant's motion alleges that there was a violation of the Pennsylvania or United States Constitutions, there was ineffective assistance of counsel and that his plea was unlawfully induced. He set forth ten specific allegations that will be addressed individually below. This court undertook a thorough, independent review of the PCRA Petition, the Guilty Plea Colloquy Form, the guilty plea transcript and all other relevant information that is included in the record. We determine that the petition is patently frivolous and that the record and status of the law does not support the relief requested by Defendant. Therefore, Defendant is not entitled to PCRA relief.

As discussed above, Defendant pled guilty. He admitted the facts to support the plea and was sentenced pursuant to a negotiated plea agreement. Specifically, the Guilty Plea Colloquy Form executed by Defendant states that he admitted that the following facts did occur:

On or about the following dates in Chester County, PA Defendant on 8/25/17 and 8/26/17, unlawfully took or exercised unlawful control over movable property of another, with the intent to deprive the owner thereof; willfully failed or refused to bring his vehicle to a stop or otherwise fled or attempted to elude a pursuing police vehicle, after being given signals to stop; intentionally retained movable property of another, believing or knowing it had been stolen and did not intend to restore the property to the owner. Specifically on 8/25/17 the defendant was in possession of a motor vehicle knowing it had been stolen. He fled from police when they attempted to pull him over. He evaded capture and then stole a second vehicle to drive home in the early morning hours of 8/26/17. Both of these events occurred in Chester County, PA.

At the September 6, 2018 plea and sentencing hearing, the attorney for the Commonwealth stated as follows:

"Facts in support of this plea are as follows: On August 25th, 2017, on 202 in Tredyffrin Township, Chester County, the defendant was driving a vehicle which was stolen out of Philadelphia. At the time, a Tredyffrin Township police officer attempted to pull the defendant over because of that stolen vehicle, and the defendant fled from that police officer who had lights and sirens activated. They engaged. It was about a two minute vehicle pursuit, at which point the defendant then pulled the vehicle over to the side of the road, jumped out of that vehicle and fled into a neighborhood in the vicinity of 1200 Wembley Drive. He then spent several hours in the neighborhood in Tredyffrin Township there in the vicinity of that same neighborhood where he had abandoned car and fled. Those are facts that form the basis of 3083 of 2017. He was in possession of the vehicle knowing it had been stolen, and he fled from the police when they attempted to pull him over. He then remained, the police searched for him in that neighborhood. He was able to elude their detection for several hours. And several hours later, in the early morning hours of August 26th, 2017, he stole a vehicle that was parked in the driveway of 1200 Wembley Drive, and used that vehicle to return to his home in Philadelphia. Those are the facts in support of the theft by unlawful taking count in 3082 of 2017." (N.T., 9/6/18, pgs. 2-3).

After Defendant was sworn in to testify, the court asked Defendant, "Did you hear the facts recited by Deputy D.A. Cardamone a few moments ago --" and Defendant responded, "Yes," as the court continued the question," -- when she told the Court what had happened?" (N.T., 9/6/18, p. 6). Defendant responded, "Yes." Id. The Court further asked, "Is what she said accurate?" to which Defendant responded, Yes." Id. The Court asked, "Is that what you did?" and Defendant replied, "Yes." Id.

Upon additional questioning of Defendant, the court accepted his guilty pleas and found them to

2

be knowingly, intelligently and voluntarily entered. (N.T., 9/6/18, p. 10).

Defendant's first PCRA allegation is "ineffective assistance of counsel, for failure to provide any additional information on plea deal negotiations." Defendant fails to state what additional information he believes was not disclosed to him regarding plea negotiations. Defendant pled guilty and admitted to the facts in support of the plea, in exchange for the withdrawal of eleven pending counts charged against him. He received the sentence for which he bargained. When the court asked him if he "had enough time to discuss [his] case, the facts, the law and any possible defense with your attorney?," Defendant responded, "yes." (N.T., 9/6/18, pgs. 6-7). The Court asked if he was satisfied with his attorney's representation and Defendant responded, "Yes." (N.T., 9/6/18, p. 7). Defendant's allegation that his attorney failed to provide information on the plea negotiations is not supported by the record and lacks merit.

Defendant's second PCRA allegation is "ineffective assistance of counsel, for failure to appropriately advise defendant of the consequences of the guilty plea pursuant to Padilla v. Kentucky, 559 U.S[.] 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010)." In that case, the United States Supreme Court held that defense "counsel must inform her client whether his plea carries a risk of deportation." Padilla v. Kentucky, 559 U.S. 356, 374, 130 S.Ct. 1473, 1486 (2010). Defendant is a United States citizen with a social security number, as noted in the record. Therefore, he is not at risk for deportation as a result of a criminal conviction and the holding of Padilla v. Kentucky is not applicable to his case.

In addition, it must be noted that in court Defendant was made aware of additional consequences of entering the plea, on top of the sentence that he was to receive. Specifically, it was discussed that this plea would result in a state parole violation, which would have an additional penalty issued by the Department of Corrections. The following exchange took place in court:

THE COURT: Are you on probation or parole right now?

THE DEFENDANT: Yes.

THE COURT: What's he on for, and what's his prior record score?

MS. CARDAMONE: Your Honor, he has a prior record score of a five. He is on parole out of – state parole out of Philadelphia. And I don't have an exact number, but it was – he was previously been sentenced to five to ten years in state prison for some burglary offenses. He had multiple burglary offenses, which were run concurrently.

THE COURT: So you are on state parole now in Philadelphia?

THE DEFENDANT: Yes.

THE COURT: You realize that this guilty plea will likely be a violation of that supervision, which will result in an additional penalty by the State Department of Corrections?

THE DEFENDANT: Yes.

MS. CARDAMONE: And, your Honor, for the record, the state parole has, I think, lodged a detainer on him. He has not had his revocation hearing yet, so there is no parole sentence imposed at this point in time. But he will have a revocation hearing at a later date. His guideline range for these charges, it's the same for each of these offenses, and it is 24 to 36 months.

THE COURT: Agreed, Miss Jurs?

MS. JURS: Yes, your Honor.

(N.T., 9/6/18, pgs. 8-9).

Accordingly, Defendant was fully apprised of the consequences of his plea and his claim that he was not properly advised of the consequences is without merit.

Defendant's third PCRA allegation is "ineffective assistance of counsel for allowing breakdown of guilty plea negotiations and defendant was induced into accepting plea of guilty." This claim is also not supported by the record. Plea negotiations clearly did not breakdown as the negotiations resulted in an agreed upon plea and sentence. There is absolutely no evidence that Defendant was improperly induced

3

into accepting the plea. It was Defendant's decision to accept the plea offer and not proceed to trial. There are always many factors taken into account when the Commonwealth makes an offer and a defendant decides to accept it. However, these factors do not amount to an improper inducement between the attorneys to force a defendant to accept a plea offer.

In this case, Defendant admitted both on the record and in the Guilty Plea Colloquy form that he committed the crimes to which he was pleading guilty. He acknowledged that '[n]o one has used any force or threats against me in order to get me to enter this plea of guilty" and "[n]o promises have been made to me in order to get me to enter this plea other than what is set forth in the plea bargain agreement..." Defendant further acknowledged on the guilty plea colloquy form as follows: "I further agree that, although I have been assisted by my attorney, it is my own decision to enter the plea that I [am] making here today."

The Court also asked Defendant the following question twice: "except for what's in the agreement, has anyone threatened you or promised you anything to get you to plead guilty?," to which Defendant responded "no" both times. (N.T., 9/6/18, pgs. 8-9). It is abundantly clear that it was Defendant's decision to enter the plea, he was satisfied with his attorney's representation and he entered the plea knowing and voluntarily. Accordingly, Defendant's PCRA allegation that his plea was improperly induced is without merit.

Defendant's fourth PCRA allegation is "[i]neffective assistance of counsel for failure to file motion to suppress evidence illegally obtained from G.P.S." Defendant's ninth PCRA allegation is that "counsel failed to file a motion to suppress the G.P.S. data which was false due to the fact it does not place the defendant in the stolen vehicle or in any location the police pursuit took place, the location where the driver ran from the vehicle and the information submitted was false and could not be proven by the Commonwealth with the data submitted." These arguments are without merit. First, Defendant fails to set forth the reason he believes that the evidence was illegally obtained. Second, it is abundantly clear that the GPS evidence was not illegally obtained. The affidavits of probable cause attached to the criminal complaints reveal that Defendant was released on parole from Graterford State Correctional Institution on August 14, 2017. As a condition of his parole, Defendant would have had to agree to wear a Global Positioning System monitoring ankle bracelet. He was fully aware that the authorities were legally monitoring his whereabouts via the GPS system.

Counsel cannot be deemed ineffective for failing to file a frivolous motion to suppress that lacked any merit whatsoever. In addition to the ankle bracelet, there were other pieces of evidence that put Defendant at the scene of the crimes, including surveillance video and an eyewitness passenger that was ejected from the vehicle Defendant was driving.

Defendant does not set forth why he believes the GPS data was false. Defendant alleges that the data did not place Defendant at the scenes of the crime, however, the affidavits of probable cause attached to the criminal complaints refute this claim. Based upon all the evidence the Commonwealth had against Defendant, under the totality of the circumstances, Defendant made the decision to enter a guilty plea instead of proceeding to trial. Therefore, the actual GPS data was not placed before this court to be examined. However, as discussed above, the Commonwealth had evidence in addition to the GPS data that placed Defendant at the scenes of the crimes. This court does not find that counsel was ineffective for failing to file a Motion to Suppress the GPS data and Defendant's PCRA allegation must be dismissed.

Defendant's fifth allegation on appeal is "[i]nsufficient probable cause to arrest" and Defendant's sixth PCRA allegation is as follows: "As a matter of record counsel failed in a[n] obligation for dismissal or quash the indictments for the charge(s) of receiving stolen property, fleeing police-eluding, theft by unlawful taking and other related offenses, particularly in light of the fact the Commonwealth failed to establish a prima facie case or the element to support the arrest or conviction for the charge(s) receiving stolen Property, fleeing police-eluding, theft by unlawful taking."

Defendant has waived the right to challenge the probable cause to arrest. On September 8, 2017, Defendant executed a Waiver of Preliminary Hearing form and acknowledged that when he waived his right to a preliminary hearing he would "thereafter [be] precluded from raising challenges to the sufficiency

4

of the prima facie case." However, in the spirit of thoroughness, this court reviewed the affidavits of probable cause attached to the criminal complaints and has made the determination that there was sufficient evidence to arrest Defendant on these charges. In addition, the facts to which Defendant pled guilty not only establish that there was sufficient evidence to arrest but sufficient evidence to support the crimes to which he pled guilty. Counsel cannot be deemed ineffective for failing to file a frivolous motion to dismiss. Therefore, these PCRA issues are without merit.

Defendant's seventh PCRA allegation is that "[t]rial counsel was not prepared for trial and had not spoken with the defendant. Counsel intended to proceed to trial without properly meeting with the client to prepare." This allegation is not supported by the record. Defense counsel entered her appearance for Defendant on September 14, 2017, the day after the Magisterial District Court record was received by this court on September 13, 2017. The record indicates that defense counsel was thoroughly familiar with Defendant's cases and even received a successful outcome on the Motion to Suppress she filed on his behalf on March 28, 2018.

Defendant would be unable to establish that counsel would not have been prepared for trial because he entered the guilty plea prior to the start of a trial. This court is familiar with the work ethic of defense counsel and has not seen her proceed to any trial unprepared. If Defendant decided to proceed to trial, we are confident that defense counsel would have been thoroughly prepared.

In addition, it must be noted again that both on the Guilty Plea Colloquy and at the hearing, Defendant acknowledged that he was satisfied with his attorney's representation. Accordingly, this issue is found to be without merit.

Defendant's eighth PCRA allegation is that "[t]rial counsel was ineffective for failing to raise, fix or cure defendant[']s meritorious speedy trial (state) rule claim, instead allowed the court to calculate the time involved, which was a miscalculation and counsel continuancely (sic) used continuances when defendant never requested or gave the counsel permission to use." It appears that Defendant is raising a claim under Pa.R.Crim.P. 600, prompt trial.

"For the purpose of this rule, trial shall be deemed to commence on the date the trial judge calls the case to trial, or the defendant tenders a plea of guilty or *nolo contendere*." Pa.R.Crim.P. 600(A)(1). Since Defendant entered his guilty plea on September 6, 2018, that is the date to which we calculate. Pursuant to Pa.R.Crim.P. 600(A)(2)(a), "[t]rial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed." On docket number 3082-17, the complaint was filed on September 6, 2017 and on docket number 3083-17, the complaint was filed on August 28, 2017. Three-hundred and sixty five days from the earlier of the two dates would be August 28, 2018. Three-hundred and seventy-four days passed between the filing of the earlier complaint and the guilty plea, therefore there are nine days in question.

Pursuant to Pa.R.Crim.P. 600(C)(1), "[f]or purposes of paragraph (A), periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence. Any other periods of delay shall be excluded from the computation." Defendant has not set forth any claim that the Commonwealth failed to exercise due diligence. Defendant only argues that defense counsel was ineffective for failing to file a motion to dismiss based on timeliness and for requesting continuances that he did not authorize.

At the very least, Defendant cannot dispute the fact that the Motion to Suppress was filed to his advantage. The motion was filed on March 28, 2018 and an Order was entered on May 16, 2018, granting that motion. Therefore, the forty-nine days in which the motion was pending must be attributable to Defendant and excluded from the 365 time calculation. The court does not need to speak to the other defense continuance requests because excluding these forty-nine days proves that Defendant's claim that he was not promptly brought to trial is without merit. Once again, defense counsel will not be found to be ineffective for failing to file a meritless motion and Defendant's PCRA allegation is found to be without merit.

5

2. Pursuant to Pennsylvania Rule of Criminal Procedure 907, Defendant is hereby advised that after twenty (20) days of this notice, it is this court's intention to dismiss the petition without further proceedings.

3. If Defendant or his PCRA counsel responds to this notice, said response must be filed and served upon this court within twenty (20) days of the docketing of this Order. Thereafter, pursuant to Pa.R.Crim.P. 907(1), the Court will either dismiss his motion, grant leave to file an amended motion, or direct that a hearing be held. If there is no response, an order will be entered dismissing Defendant's PCRA motion.

BY THE COURT:

_____

PHYLLIS R. STREITEL,    S.J.

---

Defendant's tenth PCRA allegation is that "counsel failed in a[n] obligation to adequately investigate and prepare the defense for the case, gather all the evidence submitted in the case, thus ineffectively litigation the case blindly and erroanous (sic). When shown new found evidence to help the defense counsel failed to follow up on new leads." Defendant fails to support these claims with any evidence. As discussed above, this court found defense counsel's representation to be thorough and it is clear that she did investigate and prepare defenses for Defendant's cases, including successfully having Defendant's statements to the police suppressed.

Defendant does not state what evidence or witnesses defense counsel failed to follow up on with new leads. However, in reviewing PCRA counsel's Finley letter, it appears that Defendant believed that a witness, Mary D., would have been beneficial to his case. PCRA counsel contacted this potential witness and determined that she would have been detrimental to Defendant's case and this court agrees. Mary D. is the mother of the eyewitness passenger in the vehicle Defendant was driving. Defendant ejected that passenger while the vehicle was moving and the passenger sustained injuries as a result. That passenger was a childhood friend of Defendant. Mary D. told PCRA counsel that the passenger was prepared to testify at trial against Defendant.

There is no evidence that defense counsel was made aware of this potential witness, or that if she was aware of this witness, that she did not follow up with interviewing her. Be that as it may, it is abundantly clear that either way, this witness and evidence would have been detrimental to Defendant and his case. Therefore, it is found that this issue lacks merit.

Based upon the above, the PCRA allegations are found to be without merit and the PCRA Motion must be dismissed.

6